IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAMON THOMPSON                                                    PLAINTIFF

            v.                        Civil No. 06-6023

CAPTAIN MELVIN STEED                                             DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Damon Thompson, (hereinafter "Thompson" or "Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Jimm Larry Hendren, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The events at issue in this lawsuit occurred while Thompson was incarcerated at the Garland County Detention Facility (GCDF).  Thompson originally contended his constitutional rights were violated in a number of ways while he was incarcerated at the GCDF.  By order entered on March 13, 2008 (Doc. 27), Defendant was granted summary judgment on all issues in the case except the issue of whether Thompson was denied Due Process in connection with a disciplinary that arose out of an incident that occurred on March 29, 2006.  Defendant has now filed a second or supplemental summary judgment motion on this issue (Doc. 32).  Thompson responded to the motion (Doc. 38). The summary judgment motion is now ready for decision.

-1-

## 1. Background

Thompson was booked into the Garland County Detention Facility (GCDF) on July 3, 2004. (Doc. 24) at ¶ 1.  He was being held on charges of first degree murder, attempted capital murder, and failure to pay child support.  *Id.* at ¶ 2.  He was being held solely on the pending criminal charges. *Id.* at ¶ 3.  He remained incarcerated at the GCDF until August 20, 2006, when he was released.  *Id.* at ¶ 4.

During all times relevant to the complaint, Captain Mel Steed was the jail administrator at the GCDF.  Affidavit of Captain Mel Steed, *Defendants' Exhibit* 1 at ¶ 1 (*hereinafter Defts' Ex.*). He is the supervisor in charge of the facility.  *Id.* at ¶ 3.

While an inmate is incarcerated at the GCDF, the inmate is subject to rules and policies. *Defts' Ex.* 1 at ¶ 5.  In the event of an infraction of a rule or policy of the facility, the inmate is provided with written notice of the infraction and afforded the opportunity to a hearing prior to the imposition of discipline.  *Id.*  The disciplinary charge is reviewed by a board who review statements of witnesses, listen to live witness testimony, review the rules, and afford the detainee the opportunity to either testify or submit written statements concerning the alleged incident.  *Id.*  Only after the opportunity for a review by an independent board is an inmate disciplined.  *Id.*

On March 29, 2006,  Deputies Dunn and Strickland reported that Inmates Damond Thompson, Rodney Pickney, and Gerald Dunn were involved in extorting commissary from fellow inmates.  *Defts' Ex.* 1 at ¶ 6.  *See also Defts' Ex.* A (supplementary reports).  Thompson was charged with a disciplinary, found guilty, and given fifteen days lock-down and fourteen days loss of privileges.  *Defts' Ex.* 1 at ¶ 7.  *See also Defts' Ex.* C.

According to the grievance and disciplinary code:

Any individual that has been written up for any charge with a Class 2 to Class 5 violation of this code will have a disciplinary board convened with at least 3 deputies. If the incident did not involve a physical confrontation between the individual and the Deputies on the disciplinary board than those Deputies can be on the disciplinary board.

The board will allow the individual to know his/her charges and also allow that individual to call out any witnesses allowing the board to ask any relevant question of the witnesses that are called up. The board may make a determination that the inmate is guilty or not guilty of the charges or if that individual is guilty of any other charges.

*Defts' Ex.* B at page 3.

If dissatisfied with the board's decision, the inmate may appeal to the jail administrator within seventy-two hours. *Defts' Ex.* B at page 6. The jail administrator may affirm, reverse, or modify the discipline imposed. *Id.*

The charge against Thompson was extortion. *Defts' Ex.* C. The board members were J.T. Dodge, B. Strickland, L. Dunn, and R. Grinnis. *Id.* The decision was rendered on March 30th. *Id.*

Steed did not sit on the disciplinary board that heard the evidence concerning Thompson. *Defts' Ex.* 1 at ¶ 16. Steed maintains he took no part in the Board's decision to allow, or reject, Thompson's efforts to call witnesses at the hearing. *Id.* at ¶ 17.

Thompson maintains he told Steed through a grievance what had taken place and that he was not given a chance to call witnesses. *Plaintiff's Response* (hereinafter *Resp.*) at ¶ 5. Thompson states he told Steed there was no hearing. *Id.* Instead, they just walked up to his cell and asked him how he plead and then walked away. *Id.*

Thompson submitted a grievance on March 30th complaining he was being punished for something he didn't do. Doc. 24 at ¶ 13. On March 31st, Thompson submitted an appeal from the Disciplinary Board's finding. Doc. 20, *Defendants' Exhibit* B at page 8. He indicated Grinnis only

-3-

asked him how he plead and then left.  *Id.*  Thompson stated he was not given an opportunity to call

witness or say anything on his behalf.  *Id.*  He indicated the witnesses in 1-B would support his story.

*Id.*

> Steed responded as follows:
>
> The disciplinary board had a complaint from other inmates of extortion from you and
> 3 other inmates.  You were found guilty of part of it.  You received 15 days L/D and
> 14 LOP.
>
> I will not respond to any grievances about this.  (It is final).

Doc. 20, *Defendant's Exhibit* B at page 8.

On April 1st Thompson submitted another grievance stating he had been locked down for

something he didn't do.  Doc. 24 at ¶ 15(A).  In response, Steed referred Thompson to his response

to Thompson's grievance of March 31st.  *Id.* at ¶ 15(B).

On April 3rd Thompson submitted a grievance stating he never was given the opportunity

to call witnesses at the disciplinary hearing.  Doc. 24 at  ¶ 17.  He stated that the complaining

inmates had lied to the Disciplinary Board.  *Id.*  He also stated they had spoken to every other person

involved other than him.  *Id.*

On April 4th Thompson submitted another grievance stating that his being placed on lock-

down for extortion violated his rights.  Doc. 24 at ¶ 18(A).  He asserted that no one did an

investigation.  *Id.*  He maintained they just took the complaint and locked him and three other

inmates down.  *Id.*  He maintained the inmates who complained were just trying to get moved back

to a bigger block and lied about being forced to give away food and commissary.  *Id.*  Thompson

stated he filed an appeal to the jail administrator and stated all the facts and also filed grievance

forms about the matter.  *Id.* at ¶ 18(B).  That morning, Thompson indicated he received a reply from

Sgt. Radley that stated his complaints were not legitimate and that if he kept writing grievances harassment charges would be considered against him. *Id.* at ¶ 18(C). He then wrote a grievance to Chief Holt because he felt the way he was being treated was wrong and he stated he did not want to involve his family or lawyer. *Id.* Lt. McMurrian responded. *Id.* at ¶ 18(D). She stated the fact of the matter was Thompson was determined to be guilty of a less severe disciplinary than the other two inmates. *Id.* She also stated that Sgt. Radley was correct and Thompson was bordering on harassment. *Id.* She stated that any further grievances on this issue that he filed would not be answered. *Id.*

## 2. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case

founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3. Discussion

Defendant has now moved for summary judgment.  Defendant denies he engaged in any conduct that resulted in Thompson's constitutional rights being violated.  First, Defendant contends Garland County has in place a policy that allows inmates to call witnesses to testify during the course of a disciplinary process.  Second, Defendant states he did not sit on the Disciplinary Board that heard evidence concerning Thompson and did not make the decision to allow or reject his alleged effort to call witnesses.  As such, Defendant maintains he did not violated Thompson's right in connection with the disciplinary proceeding stemming from the incident occurring on March 29, 2006.  Under the Due Process Clause of the United States Constitution, a pretrial detainee may not be punished prior to an adjudication of guilt.  *See Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).  He "cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002).

"The Supreme Court has outlined the procedures correctional facilities must follow to conduct an impartial due process hearing on a disciplinary matter." *Hartsfield v. Nichols*, 511 F.3d 826, 830 (8th Cir. 2008)(*citing Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).  These procedures include written notice of the charges, a brief period to prepare, a written statement of the evidence relied on and reasons for the disciplinary action, and the ability for the inmate to call witnesses and present documentary evidence. *Id.  See also Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007).

An impartial disciplinary committee may find a detainee guilty if it finds some evidence upon which to base the disciplinary violation. *Hartsfield*, 511 F.3d at 831. In fact, the Eighth Circuit has noted that

> disciplinary actions may be taken–and often they are–based *only on a guard's report. Even when there is substantial evidence to the contrary, the committee may find a guard's report to be credible* and therefore take disciplinary action. However, the *Wolff* hearing ensures that the inmate has an opportunity to persuade an impartial decisionmaker, who must give written justification for his decision that discipline is not warranted. This is the interest protected by the Constitution.

*Hartsfield*, 511 F.3d at 831 (*quoting Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993)).

In this case, Thompson was charged with a disciplinary violation and given written notice of the violation. While there was a finding of guilt by a Disciplinary Board, Thompson maintains he was denied an opportunity to be heard and an opportunity to call witnesses.

Although Steed was not on the Disciplinary Board, the applicable procedures allow for an appeal to the jail administrator within seventy-two hours of the ruling of the Disciplinary Board. Steed is given the power under the policy and procedures to reverse, affirm, or modify the decision of the Disciplinary Board.

Thompson submitted such an appeal to Steed on March 31st, well within the seventy-two hours. Thompson raised a number of issues in his appeal including the failure of the Board to allow him to present evidence of his behalf. Nothing before the court establishes that Steed engaged in the review contemplated by the Garland County Procedures.

I believe there are genuine issues of material fact as to whether Thompson's Due Process rights were violated. Steed was directly involved in the disciplinary decision when he denied Thompson's appeal. *See Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To

-7-

establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights")(internal quotation marks and citation omitted).

### 4. Conclusion

For the reasons stated, I  recommend that the Defendant's motion for summary judgment (Doc. 32) be denied.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 15th **day of January 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE