IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAMON THOMPSON                                                                          PLAINTIFF

v.                                   Civil No. 06-6023

CAPTAIN MELVIN STEED                                                                DEFENDANT


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Damon Thompson, (hereinafter "Thompson" or "Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Jimm Larry Hendren, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

### Discussion

The events at issue in this lawsuit occurred while Thompson was incarcerated at the Garland County Detention Facility (GCDF). Thompson originally contended his constitutional rights were violated in a number of ways while he was incarcerated at the GCDF. By order entered on March 13, 2008 (Doc. 27), Defendant was granted summary judgment on all issues in the case except the issue of whether Thompson was denied Due Process in connection with a disciplinary that arose out of an incident that occurred on March 29, 2006. Defendant then filed a second or supplemental summary judgment motion on this issue (Doc. 32). The second motion for summary judgment was denied (Doc. 42). The case was scheduled for an evidentiary hearing on April 15, 2009 (Doc. 43).

The hearing was continued at Thompson's request (Doc. 47 and Doc. 48). The evidentiary hearing was re-scheduled for June 18, 2009 (Doc. 49).

Among other things, the parties were advised in the order to file a list of their witnesses and exhibits. Thompson was advised that the court would issue all writs and subpoenas for him. Thompson was directed to provide the following information for each proposed witness: (a) name; (b) address; (c) identification (relationship to parties, employment, etc.); (d) prisoner number if witness is a prisoner; and (e) brief description of expected testimony. He was further advised that the court would issue the writs and subpoenas based on his description of the expected testimony of the witnesses. The parties were advised that their responses to the scheduling order must be filed no later than May 19, 2009.

On May 5, 2009, a member of the court's staff sent a reminder letter to Thompson and Defendant's counsel. The letter reminded the parties of the date of the scheduled evidentiary hearing and that the response to the scheduling order was due by no later than May 19, 2009. Thompson was reminded that as he was proceeding *in forma pauperis* and *pro se* he must file his response to the scheduling order since the court issued and served all writs and subpoenas on his behalf.

The Defendant previously filed his response to the scheduling order on March 11 (Doc. 44). On April 1, 2009, Defendant filed an amended pretrial information sheet (Doc. 45). To date, Thompson has not responded to the scheduling order and has not provided the court with a list of witnesses or proposed exhibits. Thompson has not communicated with the court.

### Conclusion

For the reasons stated, I recommend that the case be dismissed based on Thompson's failure to respond to the order of the court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 21st **day of May 2009.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE